UNITED STATES COURT OF APPEALS
SEVENTH CIRCUIT

Michael Morris
   Plaintiff

v.

Tammie Dickman, et al.,
   Defendant

U.S.C.A. - 7th Circuit
RECEIVED
FEB 23 2017  #5
GINO J. AGNELLO
CLERK

15-cv-712-wmc

Request to Appeal a non-final order (District court)
**INTERLOCUTORY APPEAL**

Notice is here by given that the Plaintiff/Petitioner request permission to have this court decide 2 matters of law. 1 were plaintiffs motions properly and timely filed and 2 was the Clerk obligated to forward them to the Court? See enclosed request.

1. I have no alternative remedy at law.

2. Without your intervention those documents may get lost in the context of a complete and final record. Weber v U.S. 484 F.3d 154. See 28 USC § 1292(b) The court should freely give leave when justice so requires. or rule 12 by courts leaves the District court but may not if he is never given my motion for stay.

3. In Sugsworth v City of Aurora 487 F.3d 506. this court authorizes review under F.R.civ.P. 60(b). under Fraud. The Clerk concealed documents from District court Judge.

                              Michael Morris
                              Michael Morris
                              WSPF PO Box 9900
                              Boscobel, Wi 53805

3. your honor I have no money for a filing fee nor an application from this court if the clerk will send me a application of indigency I'll send it back. But if this court decides to hear this I'll need an order for a $350 legal loan.

2-21-17.

4. I have no money to send the state a copy and one envelope so I'm sending his and the courts server with this. I thought the clerk could e-mail.

                              I have no copy.

UNITED STATES COURT OF APPEALS
SEVENTH CIRCUIT

Michael Morris
Plaintiff

V.

Tammy Dickman, et al.
Defendants

15-cv-712-wmc

enclosed notice of appeal

## REQUEST FOR A INTERLOCUTORY APPEAL

Notice is hereby given that the Petitioner/Plaintiff now come to this court requesting that this court intervene on a question of law and rights under due process and the first amendment. Grounds is follows.

1. On 11-4-15 I filed a complaint against the clerks of the court of appeals for the refusal to file documents related to my criminal case 98-CF-27 and the conceal or removal of documents from my brief in chief in the above case and appeal 00-1530-CR. And the failure to acknowledge the filing of a Motion for Incamera Inspection and Discovery on 12-5-13. And lastly on Asst. Att. General David Rice and Ms Fremgen concealment of 4 other writs filing by me in 2014.

2. On 11-30-15 I filed an amended complaint. Dkt #10. On 5-10-16 The Judge acknowledges the filing of the complaint and amended complaint.

3. On 6-4-16 I sent in a Motion for Voluntary Dismissal of the 11/30/15 amended complaint or to allow a 2nd amended complaint because I seemed to have lost the 11/30/15 amended complaint. This was filed under F.R.Civ.P. 41 (a)(1)(a) and Smith v. Potter, bu wain of Nelson v Napolitano. 657 F3d, 586 which states citing Potter. Observing that Plaintiffs motion for voluntary dismissal filed before opposing party serves either answer or dispositive motion, automatically effect dismissal.

4. In July 2016 I write Mr Oppeneer asking about my motion for dismissal and a partial appendix filed in 15-cv-564-wmc. On Aug 3.16. Mr Oppeneer writes me back sending me copies of the 6-3-16 motion and the partial appendix in 564. He also tells me that I can file an proposed 2nd amended complaint for the curts convenence so I do with a partial appendix on 712.

5. On Jan. 9th /17 the curts screening is finished and he orders I may continue with 712 but also only cites Dkt #10 the 11/30/15 Amended complaint I lost and requested voluntary dismissal. Also in the curts decision he releases Mr Rice as a Defendant and incorrectly cites my primary complaints which of curse was my fault. So I conclude Mr Oppeneer never gave him the request for voluntary dismissal nor the partial appendices, because the court mentioned in both 564 and 712 he didn't see how I could win, those exhibits proved the violations irrefutably.

6. So pursuant to rule 12, I immediately object with in the 21 days and send the following. 1. A copy of the 2nd amend complaint, plus the exhibits for 712. 2. A motion for sanctions against Mr Oppeneer for not letting the court know of the above submissions. 3. A motion to correct the record in the court error in facts. 4. A Notice of objection of the releasing Mr Rice as a defendant. 4. A motion for order, based on the prisons refusal to extend 500$ legal loan and to copy medical file documents. 5. Notice of filing in 564 and 712, resubmitting the mylist mo 1-7-17 10/14/16 documents. 6. A partial appendix in 712 with new documents.

7. I also sent another request for dismissal, But I wud at what I was requesting from Mr Oppeneer.

8. On 2/6/17 I recieve the states motion to dismiss, giving me until 2/23/17 to reply.

over.

1

## Argument.

In my short time for research I've only found 1 case in the 7th circuit that mentions the permission to file an interlocutory appeal, even though he never gets the law or other reasons, and that's Sigsworth v City of Aurora, 487 F.3d 506, 511-12. So I know this court allows it I just don't the procedure so I'm filing this and have requested stay of the proceedings and requested permission by the district court to come to this court under interlocutory appeal.

The question of law is does F.R.Civ.P. 41(a)(1)(a) apply to my motion for voluntary dismissed and was it a proper motion under rule 12, and consistent with Smith v Potter, 7th cir.

And was the clerk obligated to report the court of my submission.

My only argument is the above cite rules says I had a right to time object to the courts orders, and request voluntary dismissal and 6-3-16 is before 2-2-17 the day the defendants filed their dispositive motion.

The court may very well reply to my last set of motions but theres also a chance since since he never gave the above items to the court he wrote the 1-27-17 submissions either.

So I request determine whether the clerk should have shown the court my pleadings before the courts 1-9-17 decision. Please keep in mind this whole matter was about clerks of courts removing and concealing document in my other cases, is Mr Oppeneer looking out for his constituents? I have a 1st and 14th amendment right to a meaningful grievance process and just because Mr Oppeneer sends me a Dkt. list citing all my documents doesn't mean the court is aware of those submissions.

In the court of appeals in 2000 irrefutable proofs were removed from my brief in chief and the court concludes contrary alligations. I send a motion to remand and suppress and the court puts it in abeyance pending disposition of appeal which had irrefutable evidence that the courts decision was based on lies by the state which disappears from the courts remote storage unit. And when the clerk of courts learns to the writ was actually about her she refuses to change the caption and the court assesses the wrong issue.

And now its happening again in the district court whether deliberate or inadvertent my evidence is being kept from the court.

If you decide to grant my request for a interlocutory appeal and require any more documents please include an order, ordering the prison to extend my legal loan after today I'll have about 50¢. So next loan should do it, assuming you'll not need procedural information.

Just a word from you guys may force the clerk to properly submit my documents to the court.

cc David Rice via Corey Finkelmeyer

2-21-17

Respectfully Submitted
Michael Morris
Michael Morris
WSPF P.O Box 9900
Boscobel, WI 53805