IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

MICHAEL MORRIS,

            Plaintiff,

v.

TAMMY DICKMAN, et al.

            Defendants.

ORDER

15-cv-712-wmc
Appeal No. 17-1463

*Pro se* plaintiff Michael Morris has filed a complaint, amended complaint and second amended complaint in this lawsuit. Construing Morris's *amended* complaint as the operative pleading on January 9, 2017, the court granted Morris leave to proceed on an access to courts claim against defendants Tammy Dickman and Diane Fremgen, but dismissed defendant David Rice. Morris has now filed a notice of appeal to the court of appeals from this court's January 9 screening order, which is the subject of this order.

Morris's notice of appeal is not accompanied by the $505 fee for filing an appeal, but he has filed a motion for leave to proceed *in forma pauperis* on appeal, along with a recent six-month trust fund account statement. (Dkt. #59.) Morris also filed a motion seeking leave to take an interlocutory appeal under 28 U.S.C. §1292(b) (dkt. #54), as well as a motion to stay this matter pending his appeal (dkt. #50). For reasons explained below, all of these motions will be denied.

Section 1292(b) states in relevant part,

When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

Here, Morris purports to be appealing the January 9 order because the court did not construe his second amended complaint to be the operative pleading for purposes of screening. While Morris's second amended complaint includes more specific allegations than his amended complaint, however, the defendants *and* gist of plaintiff's claims remain the same. As importantly, Morris has since filed motions in *this* court seeking reconsideration of the January 9 order, which are currently under advisement along with defendants' motion to dismiss.

Accordingly, a prompt appeal from the screening order in this case will not materially advance the ultimate termination of this litigation. If anything, it will serve only to delay it. Therefore, the court will deny Morris's request for certification that he can take an interlocutory appeal from the January 9, 2017, order. For the same reasons, the court will deny Morris's Motion for Stay to Seek Interlocutory Appeal (dkt. #50).

This leaves only the issue of Morris's financial obligation, triggered by his filing of a notice of appeal, for which he owes $505 in fees. With his notice of appeal, Morris includes a motion to proceed *in forma pauperis* on appeal under 28 U.S.C. § 1915. A district court has the authority to deny such a motion for one or more of the following reasons: the litigant wishing to take an appeal has not established indigence; the appeal is in bad faith; or the litigant is a prisoner and has three strikes. 28 U.S.C. § 1915(a)(1), (a)(3) and (g). *Sperow v. Melvin*, 153 F.3d 780, 781 (7th Cir. 1998). Again, for reasons largely laid out above, the court finds that Morris's appeal from an unappealable, non-final order is not taken in good faith.

Because the court is certifying Morris's appeal as not taken in good faith, he cannot proceed with his appeal without prepaying the $505 filing fee, unless the court of appeals gives him permission to do so. Under Fed. R. App. P. 24, Morris has 30 days from the date of this order in which to ask the court of appeals to review the denial of leave to proceed *in forma pauperis* on appeal. With such a motion, he would need to include a six-month trust fund account statement, and an affidavit as described in the first paragraph of Fed. R. App. P. 24(a), with a statement of issues he intends to argue on appeal. Also, he must send along a copy of this order.

**Morris should be aware that he must file these documents in addition to the notice of appeal he has filed previously.** If he does not file a motion requesting review of this order, the court of appeals may choose not to address the denial of leave to proceed *in forma pauperis* at all. Instead, that court may require him to pay the entire $505 filing fee before it considers his appeal. **If his fees are not waived and he does not pay the fee within the deadline set, it is possible that the court of appeals will dismiss the appeal.**

ORDER

IT IS ORDERED that:

1. The request by plaintiff Michael Morris for the court to certify that an interlocutory appeal may be taken from the January 9, 2017, order in this case is DENIED.

2. The court CERTIFIES that Morris's appeal is not taken in good faith for purposes of Fed. R. App. P. 24(a)(3) and DENIES his motion leave to proceed *in forma pauperis* (dkt. #59) in this case.

3. Although this court has certified that plaintiff's appeal is not taken in good faith under Fed. R. App. P. 24(a)(3), **Morris is advised that he may challenge this finding pursuant to Fed. R. App. P. 24(a)(5) by filing a separate motion to proceed *in forma pauperis* on appeal with the Clerk of Court, United States Court of Appeals for the Seventh Circuit, within thirty (30) days of the date of this order.** With that motion, he must include an affidavit as described in the first paragraph of Fed. R. App. P. 24(a), along with a statement of issues he intends to argue on appeal. Also, he must send along a copy of this order. Plaintiff should be aware that he must file these documents in addition to the notice of appeal he has filed previously.

4. Plaintiff's Motion for Stay to Seek Interlocutory Appeal (dkt. #50) is DENIED.

Entered this 20th day of March, 2017.

                                      BY THE COURT:

                                      /s/

                                      WILLIAM M. CONLEY
                                      District Judge