IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

MICHAEL MORRIS,

        Plaintiff,

v.

TAMMY DICKMAN, et al.

        Defendants.

OPINION & ORDER

15-cv-712-wmc

The court granted *pro se* plaintiff Michael Morris leave to proceed on an access to courts claim against all of the named defendants. On September 27, 2017, however, the court granted defendants' motion to dismiss. (Dkt. #85.) Since that date, Morris has filed 25 motions, some asking the court to reconsider dismissing his claims, and the remainder dealing with his attempts to appeal that judgment. For the reasons that follow, the court sees no basis to reconsider its original decision on the merits.

I. **Motions to alter or amend (dkts. ##87, 88, 89, 120, 124, 126, 130).**

Two of Morris's motions seek clarification that the court received exhibits 80-130 or to alter and amend other exhibits, apparently out of concern that the court would resolve his motion for reconsideration without receiving all of the exhibits filed with his motion to alter or amend. (Dkts. ##88, 89.) These motions will be granted as follows: (1) the court has considered Morris's properly-filed motions for reconsideration pursuant to Federal Rule of Civil Procedure 59(e), and (2) the court has considered all of the exhibits to his

motion to alter or amend, which included several hundred pages. (*See* dkts. ##87-1, 87-2, 120-2.)

As for Morris's additional motions to alter or amend the judgment, his arguments are hard to follow, but read generously, he appears to contest the following:

- The court's dismissal of defendant Rice, an assistant attorney general for the State of Wisconsin, because he had no duty to ensure that Morris's filings challenging his criminal conviction were properly filed.

- The court's dismissal of defendant Dickman, an employee of the business office at the Wisconsin Secure Program Facility, because she had no involvement in handling Morris's indigency materials in support of his state court petitions, Morris having not yet been incarcerated at WSPF, and regardless, the state courts actually reviewed Morris's filings in his petitions and determined that he was not entitled to relief on the merits.

- The court's dismissal of defendant Fremgen, a court clerk with the Wisconsin Court of Appeals, who allegedly mislabeled some of his filings, because that court also ultimately addressed his petitions on the merits after receiving his numerous filings.

In apparent support of his motions challenging these rulings, Morris recounts the timeline of events surrounding his petitions for relief in the Wisconsin courts, arguing that Dickman and Fremgen repeatedly ignored his communications about his filings, and as a result, the state courts incorrectly interpreted the intent of those filings. As Morris casts it, he is challenging the fact that these defendants stopped him from filing documents that

would shed light on the improper investigation leading to his criminal conviction. Morris attaches numerous exhibits related to those proceedings, but none appear to support a finding that the named defendants here could be held liable on an access to courts claim. Rather, these exhibits are a collection of actual filings in the state proceedings, including the Wisconsin Court of Appeals decision denying him a petition for writ of mandamus, his indigency submissions, his various fund disbursement requests that were later authorized by Dickman, as well as numerous documents that appear to be part of his criminal case. (*See* dkts. ##87-1, 87-2, 121-2.) While Morris maintains that defendants in suit somehow thwarted his ability to pursue his state court petitions, the facts as pleaded *and* his later submissions confirm that the Wisconsin courts considered his many filings and concluded that Morris had not met the extraordinary burden of establishing that his convictions were not based on evidence. Accordingly, no reasonable trier of fact could find any alleged delay in filing by defendants Dickman and Fremgen (or failures to catch these delays by defendant Rice) caused any injury to Morris.

II. **Motions regarding appeal (dkts. ##98, 99, 100, 106, 109, 113, 114, 117, 119, 128, 129, 135, 140, 142, 143, 144, 146).**

Through a series of confusing filings, Morris appears to seek this court's reconsideration of its decision on the merits, while proceeding with his appeal of that decision before the Court of Appeals for the Seventh Circuit. Understandably, this has created some confusion in the clerk's office of each court, as well as apparently caused him to file an increasing flurry of motions. In an effort to put an end to this onslaught, the

court will describe his motions in general terms, while denying the majority of his motions and providing Morris specific instructions on how to proceed if he wishes to pursue his appeal.

On October 5 and 6 of 2017, after Morris filed his first motion to alter or amend the judgment, he filed two notices of appeal (dkts. ##90, 95), and the Seventh Circuit assigned each notice an appeal number, 17-3053 and 17-3074. Afterwards, Morris filed a motion to correct the record (dkt. #99), indicating that he wished to pursue only one appeal and requesting the dismissal of Case No. 17-3074. Because Morris indicated that his first notice of appeal (which was assigned Case No. 17-3053) was filed in error, the Seventh Circuit chose to dismiss that one instead. *Morris v. Dickman*, Case No. 17-3053, dkt. #4, (7th Cir. Oct. 11, 2017). Adding to the confusion, Morris then filed a *third* notice of appeal on October 16, 2017, which he labeled "Amended Notice of Appeal" and which the Seventh Circuit assigned Case No. 17-3128. Accordingly, at this point Morris appears to still have two open appeals challenging the court's September 26, 2017, judgment: Case Nos. 17-3074 and 17-3128.

The Seventh Circuit subsequently suspended all proceedings in either appeal until this court resolves Morris's pending motions to proceed *in forma pauperis* on appeal. *See Morris v. Dickman*, Case No. 17-3074, dkt. #7 (7th Cir. Oct. 26, 2017); *Morris v. Dickman*, Case No. 17-3128, dkt. #1 (7th Cir. Oct. 16, 2017). While the court resolves those motions in this opinion, this is where Morris's filings become really confusing.

In early October, Morris had filed two, previous motions for leave to proceed *in forma pauperis* on appeal (dkts. ##98, 100), but then on October 13, 2017, Morris filed a motion to "destroy" those motions (dkt. #106). Three days later, on October 16, 2017, Morris filed his "Amended Notice of Appeal," which became Case No. 17-3128, *and* another motion to proceed *in forma pauperis* on appeal (dkt. #109). Nevertheless, throughout the rest of October, Morris filed numerous motions that fall into three categories: (1) requests for clarification regarding which case number he should proceed under on appeal (dkts. ##113, 117); (2) requests to use this court's e-filing program to transmit his appellate submissions (dkts. ##119, 135, 142, 144, 146); and (3) motions related to his attempt to proceed *in forma pauperis* on appeal (dkts. ##98, 109, 114, 129, 140, 143).

The court will address each of these categories in turn. First, the requests for clarification will be granted insofar as the court can at least advise that Case Nos. 17-3074 and 17-3128 both appear to be pending as set forth above, although Morris may wish to seek, or the Seventh Circuit way *sua sponte* wish, to consolidate those appeals. Second, the motions regarding e-filing his appellate submissions in this court will be denied because Morris must submit his appellate materials directly to the Seventh Circuit. Third, the court will grant Morris's motions to proceed *in forma pauperis* on appeal that pertain to his live appeals -- dkts. #98 (related to Case No. 17-3074) and # 109 (related to Case No. 17-3128) -- while the remaining motions will be denied as unnecessary.

With respect to the former motions (dkts. ##98 and 109), the court begins by noting that because Morris is incarcerated, his case is governed by the Prisoner Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(b), which requires indigent inmates to pay by installment the entire filing fee for civil actions and appeals. Morris supplied an inmate trust fund account statement so that a determination may be made as to whether he is indigent, and if so, what amount must be assessed as an initial partial payment of the fee for his appeal. In making that determination, the court must also certify that (1) an appeal is "not taken in good faith" or (2) the party is "not otherwise entitled to proceed" as an indigent litigant for purposes of Federal Rule of Appellate Procedure 24(a)(3). *See* 28 U.S.C. § 1915(a)(3) ("An appeal may not be taken *in forma pauperis* if the court certifies in writing that it is not taken in good faith.").

From the financial information that Morris provides, the court finds that he lacks sufficient means to pre-pay the two appellate docketing fees and, therefore, he qualifies as indigent. Because it does not appear that Morris has filed his appeal in bad faith or that pauper status is otherwise precluded by Federal Rule of Appellate Procedure 24(a) -- although it is at best a close question -- the court will further grant his motion for leave to proceed *in forma pauperis*.

Although Morris has been found eligible to proceed *in forma pauperis*, the PLRA requires even indigent inmates to pay incrementally the full amount of the docketing fee for his notice of appeal ($505), starting with an initial partial payment under the formula set forth in 28 U.S.C. § 1915(b)(1)-(2). Based on his inmate trust fund account statement,

the court finds that Morris is able to make an initial, partial payment of $2.09 in Case No. 17-3074 and $2.09 in Case No. 17-3128, which will be due no later than August 21, 2018. Thereafter, Morris shall pay the remainder of the $505 appellate docketing fees in each case in monthly installments according to 28 U.S.C. § 1915(b)(2).

### III.  Motion for legal loan (dkt. #125).

Finally, Morris requests that the court order WSPF to issue him a legal loan. As the court has explained multiple times to Morris, however, there is no evidence that Morris's ability to litigate this matter has been impeded by his having met or exceeded the statutory limits of legal loans. The same still holds true. Although Morris continues to insist that he needs an additional legal loan so that he can buy the envelopes he needs to pursue his appeal, the court is not persuaded that he is unable to do so. To the contrary, Morris appears able to submit filings to the Seventh Circuit, just as he continues to submit numerous, multi-page motions and documents to this court, strongly suggesting that he continues to receive the supplies necessary to litigate his appeal. For this reason, and those previously explained to Morris in the court's earlier orders, this motion will be denied as well.

ORDER

IT IS ORDERED that:

1. Plaintiff Michael Morris's motions to alter or amend (dkts. ##87, 120, 124, 126, 130) are DENIED.

2. Plaintiff's motions for clarification, confirmation or to withdraw (dkts. ##88, 89, 99, 106, 113, 117) are GRANTED as provided above.

3. Plaintiff's motions related to e-filing (dkts. ##119, 135, 142, 144, 146) are DENIED.

4. Plaintiff's motions for leave to proceed *in forma pauperis* on appeal (dkts. ##100, 114, 128, 129, 140, 143) are DENIED.

5. Plaintiff's motion for extension of legal loan (dkt. #125) is DENIED.

6. Plaintiff's notices of appeal are not taken in bad faith for purposes of Federal Rule of Appellate Procedure 24(a)(3).

7. Plaintiff's motions for leave to proceed *in forma pauperis* on appeal (dkts. ##98, 109) are GRANTED.

8. No later than August 21, 2018, Morris shall submit a check or money order made payable to the Clerk of Court in the amounts of $2.09 in Case No. 17-3074 and $2.09 in Case No. 17-3128, as initial partial payments of the docketing fees for his appeals. Thereafter, Morris shall pay the remainder of the $505 appellate docketing fees in monthly installments according to 28 U.S.C. § 1915(b)(2). If Morris does not have the money to make the initial partial appeal payments from his regular account, he will have to arrange with prison authorities to pay some or all of the assessment from his release account.

9. Morris is advised that if he fails to make the initial partial fee payments as directed, the clerk's office will alert the Seventh Circuit, which may result in the dismissal of his appeal.

Entered this 31st day of July, 2018.

                              BY THE COURT:

                              /s/

                              WILLIAM M. CONLEY
                              District Judge